

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

July 20, 1962

*Overruled by*
*M - 726*
*where conflicts*

Honorable Jack N. Fant
County Attorney
El Paso County
El Paso, Texas

Opinion No. WW-1385

Re: Whether it is the of-
ficial duty of the
county attorney to
represent a county com-
missioner and county
employees in a civil
suit against such indi-
viduals.

Dear Mr. Fant:

You have requested our opinion on the following
questions:

"(1) Whether it is the official duty
of the County Attorney to represent certain
County officials and personnel in a civil
suit in the State District Court under the
facts stated? and (2) If it is not the
County Attorney's official duty, whether he
then has the right, power and/or authority
as County Attorney to represent said persons
under the facts stated?"

Your request concerns a petition filed in the 65th
District Court alleging a conspiracy as having been entered
into between eight persons so as to create a monopoly with
regard to the use of the El Paso County Coliseum. The plain-
tiff sues for judgment against defendants jointly and sever-
ally, seeking monetary damages. Among the defendants named
in the suit are a duly elected county commissioner, a county
employee and manager of the Coliseum, and three members of
the County Recreation Board that acts in an advisory capacity
to the commissioners court. The County has not been named as
a party defendant and judgment is sought against the defendants
and not the County.

Section 21 of Article V of the Constitution of Texas
provides:

"The County Attorney shall represent the
State in all cases in the District and inferior
Courts in their respective counties; but if any

county shall be included in a district in
which there shall be a district attorney, the
respective duties of district attorneys and
county attorneys shall in such counties be
regulated by the Legislature."'

In Davis v. Wildenthal, 214 S.W.2d 620 (Civ.App.
1951, error ref., n.r.e.), the Court held that the county
has not been made a party to a suit simply because of the
fact that some county officials are being sued. Based on
this decision, in Attorney General's Opinion WW-1036 (1961),
this office held that where a county is not a party to the
suit, the county is neither authorized nor obligated to
furnish an attorney for the officials who are being sued. In
Attorney General's Opinion WW-1036, it is stated:

> "It is not the duty of the County At-
> torney to represent either the Sheriff or
> a Justice of the Peace in Federal Appellate
> Court. Since the suit is a suit against
> the Sheriff and a Justice of the Peace indi-
> vidually, the County is not a party and the
> County is neither authorized nor obligated to
> furnish an attorney for those two officials.
> The action of the Grand Jury in refusing to
> return an indictment and writing a memorandum
> about the case was within the scope of its
> power and not improper."

In Attorney General's Opinion 0-4955 (1942), it was
held that the commissioners court was authorized to pay a
private attorney for representing the court and the county
in a suit against the county, county judge, commissioners,
county auditor and county treasurer to enjoin them from pay-
ing out county funds. However, this suit named the county
as a defendant and was viewed as one affecting the county as
a whole. In Attorney General's Opinion WW-662 (1959), it
was held:

> "In the present case neither Wichita
> County nor the Commissioners' Court of that
> county were ever named as defendants. The
> Commissioners' Court did not employ or author-
> ize the employment of the attorney. The de-
> sign and effect of the suit was not to obstruct
> or control the performance of official acts,
> but to recover damages from the Sheriff and
> his bonding company for his failure in the
> past to properly perform his official duties.

In view of the foregoing, it cannot be said that the county as a whole was interested in or affected by such a suit. Hence, in our opinion, the Commissioners' Court is not authorized to reimburse the Sheriff for his expenses in defending such suit."

In view of the foregoing, it is our opinion that, since damages are sought against the named defendants and the county is not a named defendant, it cannot be said that the county as a whole is interested in or affected by such a suit. Therefore, it is our opinion that you are neither authorized nor required to represent as county attorney the named defendants.

## SUMMARY

The county attorney is neither authorized nor required to represent as county attorney individuals named as defendants in a suit in which the county is not a party, wherein monetary damages are sought against the named defendants.

Yours very truly,

WILL WILSON
Attorney General of Texas

By John Reeves
John Reeves
Assistant

JR:ms

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

L. P. Lollar
Sam Stone
Grady Chandler
REVIEWED FOR THE ATTORNEY GENERAL
By: Leonard Passmore